JACOB WILSON and others, appellants,

v.

SARAH BELLOWS and others, respondents.

1. A deed to purchasers under a judgment and sale made by an auditor in attachment, cannot be avoided on the ground of false claims by creditors, and an irregular, fraudulent and inadequate sale, without making the creditors and auditor parties.

2. This defect, in not joining proper parties, is good ground for demurrer, where it appears on the face of the bill.

3. When the purchasers are not charged with fraud, relief against them will only be granted on equitable terms; such as offering to refund the purchase-money. They will not be compelled to look to others who are not parties to the bill.

On appeal from a decree of the chancellor, reported in 3 *Stew.* 124.

*Mr. B. A. Vail,* for appellants.

*Mr. S. D. Dillaye,* for respondents.

SCUDDER, J.

The bill of complaint in this cause is filed by Sarah Bellows, widow, Charles W. Bellows, Harriet L. Bellows

and Henrietta Bellows, children of George F. Bellows, deceased, against Jacob Wilson and George Graham, who bought certain real estate of the complainants at a sale made by George W. Thorne, auditor, under judgment in foreign attachment, in the circuit court of Middlesex county, at the suit of Benjamin Collins and Sarah J. Kortright, administrators with the will annexed, of Nicholas G. Kortright, deceased, against the defendants.

The bill charges that the plaintiffs in attachment were not administrators by appointment of any court or surrogate in the state of New Jersey, and had no authority to bring such action : that the debt claimed in said suit was not due, and owing to them; that the proceedings were secretly conducted, and the judgment and sale were a surprise to the complainants; that three tracts of land were sold, in gross, for a greatly inadequate price, and that the said proceedings were fraudulently and willfully concealed from them by the plaintiffs and claimants in attachment; that the deeds to the defendants Jacob Wilson and George Graham, who purchased under said proceedings, are recorded in the clerk's office of the county of Middlesex, and are a cloud on the title of the land.

They pray that the exact situation of the claims made by the administrators of the estate of Nicholas G. Kortright, deceased, and of Nathan V. Compton, an applying creditor in attachment, may be shown; that the proceedings in attachment may be set aside and declared void; that the deeds given by the auditor in attachment may be declared to be void, and the defendants enjoined from selling or encumbering said lands.

To this bill of complaint the defendants filed a general demurrer, which was overruled, with costs. From this decree the appeal is taken.

The decree is founded on the facts set forth in the bill of complaint, which are taken to be true on the demurrer. There is strong ground for equitable relief presented in the bill, if the facts be true as there stated, but the difficulty is

presented in determining those facts by the absence of parties whose names appear on the face of the bill.

The only defendants are the purchasers at the auditor's sale of lands, while the administrators of Nicholas G. Kortright, deceased, whose authority to bring the suit is disputed, and Nathan V. Compton, the applying creditor in attachment, both of whose claims of debt are denied, and whose judgment is declared to be void; and the auditor, who is charged with an irregular and fraudulent sale—are not made defendants in the action. The judgment and sale cannot be avoided unless they are made parties, and the purchasers at the sale, who alone are charged in the suit, are entitled to the answer of these other parties in defence of their title.

All persons interested in the subject-matter of a suit, and who are necessary to the protection of other parties therein, must be made parties, for the decree should be conclusive upon all persons interested, and to make it so all such should be brought in to answer. *Hicks* v. *Campbell*, 4 *C. E. Gr.* 183; *Pence* v. *Pence*, 2 *Beas.* 257; *Keeler* v. *Keeler*, 3 *Stock.* 458. In the cases cited by the complainants' counsel, on the merits of the bill, it will be found that this rule has been observed. Usually the purchaser at sheriff's sale has been the plaintiff in execution, and has been joined with the sheriff, if a charge is made against him of fraud in the sale. This was done in *Tiernan* v. *Wilson*, 6 *Johns. Ch.* 410, where the plaintiff in the judgment, the sheriff, and the purchaser were all joined, and the sheriff was decreed to pay costs for his very gross negligence and abuse of trust in making the sale of the complainant's property; while in *Johnson* v. *Garrett*, 1 *C. E. Gr.* 31, where there was no actual fraud in the auditor or purchaser, neither was condemned in costs.

There can be no question that this defect in joining proper parties can be taken advantage of by demurrer, where it appears on the face of the bill, as it does in this case. 1 *Dan. Ch. Pr.* 334; *Story's Eq. Pl.* § 541; *Melick* v. *Melick*, 2 *C. E. Gr.* 156.

There is another material defect in the bill. It is not charged that the defendants who purchased at the sale of

the auditor in attachment, were guilty of any fraud, or had any knowledge of a false claim made by the plaintiffs in attachment, or any irregularity in their proceedings. For aught that appears, they were *bona fide* purchasers. If so, the complainants, whatever equity they may have against other parties, can only ask that the sale to those purchasers be set aside and their deeds avoided, when they offer to refund the money that has been paid for the property. They cannot be compelled to look to others, who are strangers to them and are not made parties to the suit, for repayment of the purchase-money.

In *Tiernan* v. *Wilson* and *Johnson* v. *Garret*, all parties interested were brought in, and a tender of the sum paid for the property was made. Relief in such cases will only be given on equitable terms.

As the bill now stands, a court of equity can make no decree, nor give the complainants any relief. The decree should be reversed, with costs, and the cause remitted, so that amendments may be made in the bill to present properly the case of the complainants.

For reversal—Beasley, C. J., Depue, Dixon, Reed, Scudder, Van Syckel, Woodhull, Dodd, Green—9.

For affirmance—Knapp—1.